UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:05-CR-2-TAV-JEM-1 |
| | ) | |
| CHRISTIAN LEBOEUF, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's counseled motion for a compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Doc. 109] The government responded in opposition [Doc. 110], and defendant replied [Doc. 113].  Defendant subsequently filed several supplements to his motion [Docs. 117, 118, 119, 123] and a motion to partially hold in abeyance and otherwise rule on the motion [Doc. 132].  For the reasons set forth more fully below, defendant's motion to partially hold in abeyance [Doc. 132] is **DENIED** and his motion for a sentence reduction under § 3582(c)(1)(A) [Doc. 109] is **DENIED**.

## I.    Background

On May 9, 2005, defendant pleaded guilty to two counts of aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2, and two counts of aiding and abetting using, carrying, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 [Docs. 23, 24].  Defendant received a total sentence of 408 months' imprisonment, followed by 5 years of supervised release

[Doc. 41]. Defendant is scheduled for release on November 21, 2033. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 12, 2026).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in § 3553(a) to the extent that they are applicable" if it finds:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 109].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted).

In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

III.   **Analysis**

  A.     **Exhaustion**

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34

3

(6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, the government appears to concede that defendant has exhausted his administrative remedies [Doc. 110, p. 7] Accordingly, the Court will proceed to evaluate defendant's compassionate release request according to the three-step test explained above.

### B. Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the United States Court of Appeals for the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf. *Id.* at 1109–10; *see also* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release.

4

U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2023). It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement"); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A)."). However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(1)–(6) (U.S. SENT'G COMM'N 2025).

5

### 1. Change in Law

In his motion, defendant specifically relies upon § 1B1.13(b)(6) [Doc. 109-1, p. 20]. That section of the amended policy statement provides that non-retroactive changes in law can constitute an extraordinary and compelling reason for release under certain conditions. *See* U.S.S.G. § 1B1.13(b)(6). However, in April 2025, the Sixth Circuit invalidated section 1B1.13(b)(6). *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025). Based in part on the United States Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), which reduced the interpretive deference afforded to agencies, the Sixth Circuit determined that the Commission "overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers." *Id.* at 430, 440–41; *see also Moctezuma-Reyes v. Garland*, 124 F.4th 416, 420 (6th Cir. 2024) (clarifying when courts should independently interpret statutes).

In reaching its conclusion, the *Bricker* majority clarified that the Sixth Circuit's decision in *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc), which predates the amended policy statement, remains the law of this Circuit. In contrast to the policy statement contained in § 1B1.13(b)(6), the *McCall* court held that the fact "that a defendant might receive a different sentence today than he received years ago represents the routine business of our legal system" and "cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law." *Id*. at 1065. In other words, because *Loper Bright* reduced

courts' deference to Commission policy statements, and the *Bricker* majority held that § 1B1.13(b)(6) is "plainly unreasonable," "we [are] bound by *McCall*'s views on the plain meaning of 'extraordinary and compelling.'" *Bricker*, 135 F.4th at 440–41 (citing *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017)).

The Court notes that defendant, prior to the Sixth Circuit's decision in *Bricker*, argued that *McCall* was no longer good law [Doc. 113, p. 8]. But, at present, *Bricker* is binding precedent in this circuit, and the Court is bound by controlling circuit precedent. *See Hollis v. Erdos*, 480 F. Supp. 3d 823, 831–32 (S.D. Ohio 2020). Because, under *Bricker*, § 1B1.13(b)(6) has been invalidated and non-retroactive changes of law cannot constitute an extraordinary and compelling reason for release, these arguments are moot. Accordingly, the Court finds that defendant's arguments regarding a change in law do not constitute an extraordinary and compelling ground warranting release.

Finally, the Court notes that, while *Bricker* was pending before the Sixth Circuit, defendant asked the Court to hold the portion of his motion relying on § 1B1.13(b)(6) in abeyance pending that decision [Doc. 132]. But, as noted *supra*, the Sixth Circuit has now decided *Bricker*, and *Bricker* is controlling precedent in this circuit. To the extent defendant's motion could be construed as requesting that this portion of his motion be held in abeyance pending the Supreme Court's decision on the pending petition for certiorari and any further proceedings in *Bricker*, the Court finds that such a lengthy abeyance would be inappropriate. This motion has already been pending since November 2023 [Doc. 109]. And "'[t]his Court has an obligation to ensure that cases do not languish on its docket.'"

7

*Webb v. Spectrum Southeast, LLC*, No. 2:24-cv-7, 2024 WL 4446986, at *1 (E.D. Tenn. Oct. 8, 2024) (citing *Cowley v. Prudential Sec., Inc.*, No. 21-1635, 2022 WL 2160671, at *2 (6th Cir. June 15, 2022)). However, to the extent that any future change in the law invalidates the Sixth Circuit's *Bricker* decision, on which this Court's decision rests, the Court would welcome any appropriate renewed motion under § 3582(c)(1)(A) on that ground.

### 2. Rehabilitation

Additionally, defendant highlights his significant post-sentencing rehabilitation [Doc. 109-1, pp. 22–25]. While the Court acknowledges defendant's rehabilitative efforts, this factor "is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S. SENT'G GUIDELINES MANUAL § 1B1.13(d). Because the Court has rejected defendant's change in law arguments in light of the Sixth Circuit's *Bricker* decision, it therefore cannot properly consider defendant's rehabilitation in isolation. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13(d).

Given that the Court has rejected defendant's extraordinary and compelling arguments, his request for compassionate release [Doc. 109] is hereby **DENIED**. Because "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors" only where "the reduction [is] authorized by [steps one and two]," *Jones*, 980 F.3d at 1108, the Court need not address the section 3553(a) factors at this stage.

8

## IV.    Conclusion

For the reasons set forth more fully above, defendant's motions [Docs. 109, 132] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9